IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 0:04-184 (MJP, JR.) |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **MARK ERIC SPIES** | ) | |
| | ) | |

AGREEMENT made this 31st day of August, 2005, between and among the United States of America, as represented by United States Attorney JONATHAN S. GASSER, Assistant United States Attorney Dean A. Eichelberger; the Defendant, **MARK ERIC SPIES**, and Defendant's Attorney, Kenneth M. Mathews, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows: [superseding]

1. The Defendant, **MARK ERIC SPIES**, agrees to plead guilty to Counts 2 and 3 of the Indictment now pending, FED. R. CRIM. P. 11(a). Count 2 charges that he did aid, abet, and cause another to use a minor over whom that other person had custody or control to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be mailed and transported in interstate and foreign commerce, and said visual depictions were mailed, shipped, and transported in interstate and foreign commerce, a violation of Title 18, United States Code, Section 2251(b) and Section 2. The elements of this offense are:

ONE: The defendant knowing permitted a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

TWO: At the time the conduct was engage in, the defendant knew that the minor was under the age of eighteen years; and

THREE: At the time the defendant permitted the minor to engage in the sexually explicit conduct, the defendant was a parent, legal guardian, or had custody or control over the minor; and

FOUR: The visual depiction has been transported in interstate or foreign commerce by any means, including by computer.

Maximum Possible Penalties:

Imprisonment: Minimum of 10 years up to maximum of 20 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

Count 3 charges that the defendant did possess materials containing images of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). The essential elements of this court are:

ONE: The defendant possessed an item or items which contained an image or images of child pornography;

TWO: The child pornography had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; and

THREE: The defendant's possession was knowingly done.

MAXIMUM PENALTY (No prior conviction and crime committed on or before April 30, 2003)

Imprisonment: 5 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

2. The Defendant, **MARK ERIC SPIES**, consents to the immediate commencement of a presentence investigation, FED. R. CRIM. P. 32(c).

3. The Defendant, **MARK ERIC SPIES**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which he

pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4. The Defendant, **MARK ERIC SPIES**, agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration. The Defendant agrees that any monetary penalty the court imposes, including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

5. The Attorneys for the Government agree to dismiss the remaining counts of the 3rd Superseding Indictment with the understanding by the Defendant, **MARK ERIC SPIES**, that no limitation *M.S.* — and all other charges — shall be placed upon the Court's consideration of any information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such dismissed counts may be considered as relevant conduct pursuant to Section 1B1.3 of

the United States Sentencing Commission Guidelines, FED. R. CRIM. P. 11(c)(1)(A).

6. The Defendant, **MARK ERIC SPIES**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED.R.CRIM.P. 11(b)(3).

7. The Defendant, **MARK ERIC SPIES**, agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of offenses involving the sexual exploitations of children, the possession, manufacture, and dissemination of images depicting the sexual exploitations of children, and the possession, manufacture, and dissemination of obscenity, and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the

Defendant's knowledge concerning the sexual exploitations of children, the possession, manufacture, and dissemination of images depicting the sexual exploitations of children, and the possession, manufacture, and dissemination of obscenity and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above: (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district: (3) the Attorneys for the Government may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Defendant, **MARK ERIC SPIES**, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the

Government. Defendant, **MARK ERIC SPIES**, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

9. The Attorneys for the Government agree that any self-incriminating information provided by the Defendant, **MARK ERIC SPIES**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **MARK ERIC SPIES**, in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8, United States Sentencing Commission Guidelines.

10. Provided the Defendant, **MARK ERIC SPIES**, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court

for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant, **MARK ERIC SPIES**, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

11. The Defendant **MARK ERIC SPIES**, understands that the attorneys for the government reserve the option to move the Court to impose an upward departure on any basis reasonably appearing in the facts of this case, provided, however, that the attorneys for the government agree that they will not seek a sentence in excess of twenty years. He further understands that the government reserves the right to make such a motion irrespective of whether he provides substantial assistance and qualifies for a reduction in sentence pursuant to Guideline Section 5K1.1. In the event that motions are made both for upward departure and for downward departure on account of substantial assistance, the defendant, **MARK ERIC SPIES**, understands that the government would first argue for the upward departure to set a baseline from which, if granted, the motion for downward departure would then be considered by the Court. Finally, he understands that if the Court grants such a motion and sentences the Defendant, **MARK ERIC SPIES**, to a term of imprisonment higher than called for under the Sentencing Guidelines up to the maximum under the applicable statute, he will have no right to withdraw his guilty plea.

12. The government understands that the defendant is concerned about the potential that conduct of Lori Baribeault may, in the view of the government, fall within the scope of certain federal criminal statutes. In exchange for the agreements set forth in this Plea Agreement, the attorneys for the government state that based upon the facts as they are currently

known, the government does not intend to pursue any charges against Ms. Baribeault.

13. The Defendant, **MARK ERIC SPIES**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

8/31/05
DATE

August 31, 2005
DATE

_Mark Eric Spies_
MARK ERIC SPIES, Defendant

_Kenneth M. Mathews_
Kenneth M. Mathews
Attorney for the Defendant

JONATHAN S. GASSER
UNITED STATES ATTORNEY

3/Aug/05
DATE

BY: _Dean A. Eichelberger_
Dean A. Eichelberger
Assistant U. S. Attorney